(No. 4387-

BRADIE SHOCKLEY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 12, 1952.*

WALTER J. SIMHAUSER AND ALLEN T. LUCAS, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Bradie Shockley, brings this action to recover damages for the alleged negligence of respondent in operating a truck, to which a snow plow was attached, along one of the highways in this State.

On February 13, 1950, snow had fallen in substantial quantities in Carroll and Whiteside Counties along Illinois Route No. 78 north of its intersection with U. S. Highway No. 30. The wind was blowing in such fashion as to cause drifts to form at various intervals.

At approximately 3:00 P.M. of that day, a Division of Highways truck was proceeding in a northerly direction along said Route No. 78 plowing snow off of the highway, and the blade of the snow plow was so angled as to cause the snow to be pushed in an easterly direction onto the highway shoulder.

Claimant was proceeding in a southerly direction driving his 1949 Kaiser sedan, to which was attached a two-wheeled trailer in which two Poland China hogs were being transported.

At and near the point where the collision occurred, the highway was straight but undulating.

Although there is the usual conflict of testimony, as we view the record, the facts can apparently be sifted and analyzed to such an extent as to determine the fault in the case without any misgivings on our part.

Claimant, proceeding south, crested a sharp hill and started down. Respondent's truck was at the bottom of the incline, proceeding north. As the two vehicles approached, two sizable snow drifts were encountered. Claimant followed the ruts made by another car through the northerly drift, and entered the southerly drift, following the same ruts, which were entirely within his lane. While claimant's car was coming through the southerly drift, respondent's truck entered it on the southerly side, and, almost immediately upon entering it, respondent's truck veered to the left, and the projecting blade of the snow plow struck the left front wheel of claimant's car, and then continued along the left side of claimant's car.

When the vehicles came to rest, claimant was unconscious, and his car was virtually demolished. The snow plow blade was knocked from its operating position, and dangled along the left side of the truck.

Testimony of disinterested witnesses confirm these facts, and the physical facts at the scene of the accident, coupled with an admission by respondent's driver that he drove the truck into the drift at such speed as to cause it to slide into claimant's lane, all compel us to

conclude that the negligence of respondent has been proven by the preponderance of the evidence.

There is extensive testimony in the record concerning the speed of the two vehicles, the condition of the highways, the lights on the truck, and the control each driver was exercising, but such testimony skirts the fringes of the case, and does not pinpoint the crucial question of the place of impact, which we decide was in claimant's lane.

For the violation of the Uniform Act Regulating Traffic on Highways, Ill. Rev. Stat., 1949, Chap. 95½, Sec. 151, respondent is liable. *Roberson* vs. *State*, 19 C.C.R. 58.

As to claimant's damages, it is obvious, and apparently conceded by respondent, that such damages exceed $2,500.00. However, claimant contends that, although his cause of action arose in 1950, he is entitled to the benefits of the amendment that the Legislature made in 1951 to the Court of Claims Act, which increased the maximum amount this Court can award to any claimant in a tort case from $2,500.00 to $7,500.00. Ill. Rev. Stat., 1951, Chap. 37, Sec. 439.8.

However, we do not believe claimant's contention in this regard is sound. In 1947, the Legislature increased the amount recoverable in a wrongful death action from $10,000.00 to $15,000.00. Ill. Rev. Stat., 1947, Chap. 70, Sec. 2. (The limit has since been raised to $20,000.00. Ill. Rev. Stat., 1951, Chap. 70, Sec. 2.) In *Theodosis* vs. *Keeshin Motor Exp. Co.*, 341 Ill. App. 8, it was held that a cause of action, which arose prior to the effective date of the amendatory act, was limited to a recovery of $10,000.00, or, in other words, that an amendment of this type operates only prospectively,

and not retrospectively. See also: Ill. Rev. Stat., 1951, Chap. 131, Sec. 4. We respect this holding, and are convinced it is representative of the greater weight of authority, and, therefore, we conclude that claimant's damages are limited to $2,500.00. Ill. Rev. Stat., 1949, Chap. 37, Sec. 439.8.

An award is, therefore, entered in favor of claimant, Bradie Shockley, in the sum of $2,500.00.